UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. )　　　No. 2:21-CR-00120-2-DCLC-CRW
)
YARELIS MICHELLE TORRES RIVERA )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Yarelis Michelle Torres Rivera's letter [Doc. 638], which the Court construes as a motion for early termination of supervised release. In 2023, Ms. Torres Rivera pleaded guilty to conspiring to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. [Plea Agreement, Doc. 292, at 1]. The Court sentenced her to twelve months and a day of imprisonment and a five-year term of supervised release, [J., Doc. 568, at 2–3], which began in January 2025 and expires in January 2030. Now, in support of her motion for early termination of her supervision, she informs the Court that she has enrolled in school, maintained employment, volunteered in her community, and complied with her conditions of supervision. [Def.'s Mot. at 1].

The United States Probation Office, however, does not recommend early termination of Ms. Torres Rivera's supervised release. [U.S. Probation Office's Resp. (on file with the Court)]. The Probation Office advised the Court that, last year, she was under federal investigation for fraud, though the investigation concluded without the filing of charges against her. [*Id.*]. The Probation Office also mentioned that she has requested to relocate to the Northern District of Georgia, where her parents reside, and while the Probation Office has temporarily granted that request, a final determination is pending a "formal relocation investigation." [*Id.*]. If the request

is denied, she will be homeless. [*Id.*]. Having consulted with the Probation Office, the United States Attorney's Office opposes Ms. Torres Rivera's motion for early termination, citing the fact that she "was a suspect in a financial fraud case" and the need to "ensure that [she] has the support she needs" following "her sudden move to a different state." [United States's Resp., Doc. 639, at 2]. According to the United States, further supervision is necessary "to ensure adequate deterrence, stability, and to protect the community from further criminal conduct." [*Id.*].

The decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of a term of supervision, the Court may—in its discretion—terminate the remainder of that term if, after considering certain factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by [1] the conduct of the defendant released and [2] the interest of justice," 18 U.S.C. § 3583(e)(1). Ms. Torres Rivera bears the burden of establishing that her conduct warrants early termination of her supervision. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010); *Atkin*, 38 F. App'x at 198.

As an initial matter, the fact that Ms. Torres Rivera has maintained employment and otherwise reassimilated herself into society does not—in and of itself—guarantee the early termination of her term of supervision. *See United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) ("[W]e might expect that district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present. After all, compliance with all conditions is expected of an individual on supervised release." (citation and internal quotation marks and quotation omitted)). The Court is not satisfied that Ms. Torres Rivera's conduct—though recently she has made some commendable strides in her life—and

2

the interest of justice warrant early termination of her supervision at this time. In support of her motion for early termination, she has not provided the Court with facts or circumstances beyond her general compliance with her conditions of supervision and efforts to reassimilate herself into society, which are baseline expectations of any defendant on supervised release. *Id*. The continuation of her supervision is necessary to promote respect for the law, deter her from engaging in criminal conduct, and protect the public from further criminal conduct, especially in light of the fact that she had been a suspect in a federal criminal investigation just last year. 18 U.S.C. § 3583(e)(1).

Her motion for early termination of supervised release is therefore **DENIED**, and in denying her motion, the Court has considered all of the relevant § 3553(a) factors under 18 U.S.C. § 3583(e)(1). *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting an argument that a district court, when denying a request for early termination, has to present more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Peters*, 856 F. App'x 230, 233, 234–35 (11th Cir. 2021) (recognizing that a "district court's order [denying early termination] must demonstrate that it considered the[] factors [under § 3553(a)], but it need not explain how each factor applies or explicitly state that it considered them"); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (stating that a district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under each of the factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district court] has considered the statutory factors is sufficient." (second alteration in original) (quotation omitted)). The Court, however, extends to Ms. Torres Rivera the option of refiling her motion later in her term of supervision if she continues to be compliant

3

with her conditions of supervision, though she must address in detail how her conduct and the interest of justice favor early termination.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

4